UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON,

                Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC.,

                Defendant.

Case No. 22-12710
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING IN PART MOTION FOR SANCTIONS AND ORDERING PARTIES TO MEET AND CONFER
(ECF NO. 42)**

Plaintiff Elizabeth Nelson moved for Defendant I.Q. Data International, Inc., to show cause why it should not be held in contempt for disobeying the Court's April 10, 2024 Order, and for sanctions including attorney's fees, costs, and a class default judgment. ECF No. 42. The Court held a hearing on June 12, 2024, and now **GRANTS** the motions for attorney's fees and costs. For the reasons stated on the record, the Court finds that defendant violated the April 10 order and that defendant's objections to fully answer the discovery requests are **WAIVED**. But the Court will defer a decision about whether to order or recommend more severe sanctions until after the parties have met and conferred **in person**

**or by video** to address the deficiencies in defendant's discovery responses.

The schedule for resolving the remaining issues raised in plaintiff's motions is as follows:

- By **June 26, 2024**, plaintiff must file (1) a supplemental brief outlining her position about any remaining deficiencies in defendant's answers to her discovery requests, and (2) file a bill of costs to support her requests for reimbursement of attorney's fees and costs.

- By **July 3, 2024**, defendant must (1) file a response to plaintiff's supplemental brief, and (2) file a response to plaintiff's bill of costs.

- The Court will hold a hearing to address the alleged remaining deficiencies in defendant's discovery responses on **July 9, 2024 at 10:30 a.m. via Zoom.**

**The Court warns defendant that further violations of the rules of discovery or court orders will result in more sanctions that may include the entry of a default judgment against defendant.**

The summary of the discovery rules below is provided to guide the parties' meet and confer and future discovery practice before this Court.

- Discussions about discovery should address relevance to a specific claim or defense, and the proportionality factors under Federal Rule

2

of Civil Rule 26(b)(1).  *See Helena Agri-Enterprises, LLC v. Great Lakes Grain,* LLC, 988 F.3d 260, 273 (6th Cir. 2021); *Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021); *Cratty v. City of Wyandotte*, 296 F. Supp. 3d. 854, 858 (E.D. Mich. Nov. 8, 2017).

- A party requesting documents must describe each request with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018).  Courts have long condemned omnibus "any and all" document requests.  *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

- The rules also require objections to interrogatories and requests for production of documents to be made with specificity.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  A party objecting to a request for production of

3

documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment. *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018).  The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018).  And "a party cannot cloak its answers in without-waiving objections." *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015).  In other words, "[a] party either objects to production or produces.  If it produces, the objections are generally deemed waived." *Riley v. NewPenn Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

- The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position. *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that

4

underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

- Of final note, to the extent that a responding party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii).

**If the parties resolve all remaining issues, they must submit a stipulation and order to cancel the hearing.**

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 12, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

5

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2024.

s/Donald Peruski  
DONALD PERUSKI  
Case Manager