UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 22-12710<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS
(ECF NO. 42)**

  Plaintiff Elizabeth Nelson moved for Defendant I.Q. Data International, Inc., to show cause why it should not be held in contempt for disobeying the Court's April 10, 2024 Order, and for sanctions including attorney's fees, costs, and a class default judgment. ECF No. 42. In June 2024, the Court granted the motion for attorney's fees and costs, finding that defendant violated the order and waived its objections. ECF No. 48, PageID.541. But the Court deferred its decision about whether to impose more severe sanctions and ordered the parties to meet and confer to address the remaining deficiencies in defendant's discovery responses. *Id.*, PageID.541-542. The Court also ordered the parties to file

supplemental briefs and scheduled a follow-up hearing for July 16, 2024. *Id.*, PageID.542.

For the reasons stated on the record during the July 16 hearing, the Court **GRANTS** plaintiff's motion for sanctions:

- As the parties agreed during the hearing, Defendant must reimburse Nelson costs and attorney's fees in the amount of $7,830 under Federal Rule of Civil Procedure 37(b)(2) within 30 days;

- By **August 30, 2024**, defendant must provide (1) the names and addresses of the putative class members and (2) discovery about its net worth, as requested in Nelson's Interrogatory 14 and Requests for Production 12-14.

- Besides the responsive discovery ordered above, defendant may not without leave of court and for good cause shown rely on any other documentary evidence beyond Bates No. 107.

At the end of the July 16 hearing, defendant tried to raise objections and request protective relief. But because defendant failed to timely object to the discovery requests, it waived any objections. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018). And defendant's verbal request for protective order is too late. "Although Rule 26(c)(1) has

2

no explicit deadline, most courts require motions for protective orders to be filed before discovery responses are due. At the very latest, a motion for protective order must be made by the deadline for responding to a motion to compel." *Vickers v. Mt. Morris Twp. Police Dep't*, No. 19-12250, 2022 WL 1404664, at *1 (E.D. Mich. May 4, 2022) (citations omitted).

**The Court warns defendant that continued violations of the rules of discovery or court orders will result in more severe sanctions, up to and including the entry of a default judgment against defendant.**

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: July 16, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager