UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON,
individually and on behalf of
similarly situated persons,

     Plaintiff,

v.

I.Q. DATA INTERNATIONAL,
INC.,

     Defendant.

_____ /

Case No. 22-12710

Hon. F. Kay Behm
United States District Judge

Hon. Elizabeth A. Stafford
U.S. Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S JANUARY 28, 2025,
REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION TO COMPEL AND MOTION FOR SANCTIONS
(ECF No. 63)**

## I.   INTRODUCTION

Plaintiff Elizabeth Nelson ("Nelson") filed this lawsuit on behalf of

herself and all other similarly situated persons on November 9, 2022,

alleging Defendant I.Q. Data International, Inc. ("I.Q. Data") violated

the Fair Debt Collection Practices Act (FDCPA) (ECF No. 1).

Specifically, Nelson alleges that I.Q. illegally "seeks to add a 5% per

annum rate of interest to the principal amount of the debt, regardless of

whether the creditor-debtor contract at issue (here, a lease) provided for

1

such an interest rate to be applied upon any breach." ECF No. 36, PageID.361. I.Q. Data filed a motion for judgment on the pleadings (ECF No. 36) in April 2024, which this court held oral argument on in June 2024. On February 6, 2025, the court denied Defendant's motion for judgment on the pleadings, finding that as a matter of law, their "imposition of a 5% interest rate without first seeking a judgment has no basis in Michigan law," and was both "objectively baseless" and "legally indefensible." ECF No. 64, PageID.1069-71.

Discovery in this case was ongoing since November 2023 and continued until January 2025. And for much if not most of that time, I.Q. Data ignored its discovery obligations, objected to discovery requests, flouted orders to compel discovery, and likely misrepresented to the court its ability to comply with discovery requests and orders. ECF No. 63, PageID.1034.

On September 27, 2024, Plaintiff filed a motion to compel and motion for sanctions (ECF No. 56). On January 28, 2025, the Magistrate Judge recommended granting that motion and that default be entered against Defendant as a sanction of last resort after Defendant repeatedly ignored the court's previous orders compelling

discovery.  ECF No. 63.  Defendant filed objections to that report and recommendation.  ECF No. 65.  Plaintiff filed a response to those objections (ECF No. 66), to which Defendant filed a reply (ECF No. 67).

The court agrees that no other reasonable sanction remains except for default, and for the reasons analyzed in more detail below, this court **ACCEPTS** and **ADOPTS** Magistrate Judge Stafford's well-supported report and recommendation (R&R) dated January 28, 2025 (ECF No. 63), **OVERRULES** Defendant's objections (ECF No. 65), **GRANTS** Plaintiff's motion for sanctions and motion to compel (ECF No. 56), and enters further orders consistent with this opinion at the end of this opinion.

## II.   PROCEDURAL HISTORY & FACTUAL BACKGROUND

The court largely adopts the procedural history of this case as the Magistrate Judge described it.  *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, is in part to reduce duplicative work and conserve judicial resources) (citing, e.g., *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

For purposes of this review, the court references only the specific events needed to address the objections Defendant makes, and details those points in response to each specific objection.  The remaining procedural history and factual background not directly referenced in this opinion is adopted in full.

## III.   STANDARD OF REVIEW ON OBJECTIONS TO A REPORT AND RECOMMENDATION

A party may object to a magistrate judge's report and recommendation on dispositive relief, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3); *see also Builders Insulation of Tenn., LLC v. S. Energy Sols.*, No. 17-cv-2668, 2020 U.S. Dist. LEXIS 8531, at *11 (W.D. Tenn. Jan. 17, 2020) (collecting cases on reports and recommendations for sanctions that include dispositive relief).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the

4

party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated

5

his summary judgment arguments, "an approach that is not appropriate or sufficient").

## IV.   ANALYSIS

### A.   Objection 1: Whether the R&R contains factual inaccuracies

The Magistrate Judge's report and recommendation contains a detailed accounting of the procedural history of this case from November 2023 to December 2024.  It ultimately recounts a number of occasions, including escalating warnings by the Magistrate Judge, motions to compel, orders compelling responses, motions for sanctions, and orders granting sanctions, when Defendant repeatedly failed to produce discovery responses in violation of court orders and the Federal Rules of Civil Procedure governing discovery.  Specifically, Defendant objected to and ignored many of Plaintiff's interrogatories regarding potential subclasses and I.Q. Data's net worth.  Defendant now objects to a handful of the Magistrate Judge's factual findings.

First, they take issue with how the Magistrate Judge characterized their nonresponsive "boilerplate" objections to particular interrogatories as an early sign of Defendant's unwillingness to

participate in discovery in good faith (the Magistrate Judge later ordered Defendant respond to those interrogatories on multiple occasions, to no avail).  Second, Defendant objects to how the Magistrate Judge characterized the record regarding their claimed inability to later produce responses to those same interrogatories (at no point in this putative class action, against a debt collection agency for charging interest to consumers not permitted under state law, has Defendant produced the subclasses of consumers who disputed their debt to I.Q. Data in writing or those who in fact paid any amount of unlawful interest to I.Q. Data).  Third, Defendant disagrees with how the Magistrate Judge characterized a delay in hearing argument on the latest motion for sanctions when the parties jointly requested additional time to conduct settlement negotiations (despite jointly requesting time to participate in negotiations, defense counsel never offered any availability until the eleventh hour and in fact never had settlement authority).  The court separates these into three specific objections, and overrules them all.

      *1.    Representations by the District Court*

First, Defendant says that, in regards to their original objections to the interrogatories regarding potential class members, in the November 16, 2023 status conference with this court, "counsel recalls [the undersigned] allowing for the submission of Defendant's motion for judgment on the pleadings before allowing for Plaintiff to issue costly class-based discovery.  The Court expressed the opinion that its ruling on the key legal issue presented in this suit would result in substantial savings to the Court and the litigants."  As such, Defendant argues that their "boilerplate" objections initially raised to class discovery were made in good faith and on reliance on those statements.  The court understands Defendant's point to be that they understood it to be their right to object to class-based discovery, and to continue objecting to that discovery, while their motion for judgment on the pleadings was pending – or, at the very least, they object to the characterization of their initial objections as being made in bad faith on that basis.

First, although the court indicated that Defendant could file its motion for judgment on the pleadings at an early stage (as a Rule 12 motion usually is) and that might save the parties some expense, the court never indicated that an order staying discovery would be entered

8

while the motion was pending, nor was a motion brought to do so or an order entered.[1]  That discovery would go forward while the dispositive motion was pending was reiterated to the parties by the undersigned at a status conference on March 28, 2024.  As the Magistrate Judge noted: "it is [] well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery."  *AFT Mich. v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018).  Second, the court speaks through its orders.  *Bell v. Thompson*, 545 U.S. 794, 805 (2005).  A case management order was entered November 22, 2023, indicating that discovery would be ongoing the moment it was issued.  ECF No. 23, PageID.253 (initial disclosures due in December 2023).  If Defendant actually understood this court to say that discovery would be stayed as to any class-based discovery while their merits motion was pending (again, they did not actually file that motion until April 1, 2024), then they had the opportunity to bring that issue to this court and clarify

---

[1] What the court *did* do was go ahead and set hearing for oral argument on the interest rate issue (the primary issue in the motion for judgment on the pleadings) for January 31, 2024, in anticipation of a motion being filed before that date with enough time to be fully briefed.  *See* ECF No. 26.  However, for a number of reasons personal to Defendant, no motion was actually filed before that date, and the hearing was cancelled.  *See* Minute Entry on January 26, 2024.  The motion for judgment on the pleadings was not in fact filed until April 1, 2024.  ECF No. 36.

that in an order.  *See, e.g.*, ECF No. 34, Ex. A[2] (email chain between the parties' counsel disagreeing whether the court was permitting discovery to proceed in its scheduling order, and plaintiff's counsel indicating defense counsel should feel free to file a motion for clarification, though none was never brought).  For example, after Defendant filed their motion for judgment on the pleadings in April, 2024 (ECF No. 36), on April 10, Magistrate Judge Stafford ordered them to "provide complete responses to plaintiff's discovery requests" and sanctioned Defendant.  ECF No. 37.  If that order was wrong, Defendant could have objected and thus put the issue before this court – but they did not, and the Magistrate Judge's order was in effect.  *See* Fed. R. Civ. P. 72(a).  This court would not have stayed discovery had the issue come to the court, but the relevant point here is that Defendant never sought review of the Magistrate Judge's order in any case.  The very fact that they did not object and bring the issue before this court belies their implication that they believed this court had granted them permission to do so.  *See also* ECF No. 32, PageID.334 (on March 1, 2024, defense counsel admitting

---

[2] Most documents filed by Nelson include no header, reportedly because of the software used to convert the documents to PDF.  So the court cannot cite PageID numbers for those documents.

that he understood the expectation that discovery occur while his motion for judgment on the pleadings was pending: "Counsel was further left with the impression that, . . . the doors to discovery were open, regardless as to whether it was merits-based or class-based.  As such, IQ Data intends on providing Plaintiff with responses to the outstanding written discovery requests.").  Third, even if there were any confusion, this court clarified its position both at the March status conference and at the hearing for judgment on the pleadings: no decision on that motion would be released while the discovery disputes remained pending, clearly communicating the need to work through those disputes first.  *See, e.g.*, Minute Entry for June 18, 2024.  And, of course, as soon as the Magistrate Judge ruled on the first motion to compel responses to those interrogatories, the question was no longer whether that first set of answers was made in "good faith;" the issue became the failure to comply with the Magistrate Judge's orders.

Thus Defendant's objection that its initial "boilerplate" objections to class-based discovery were made in good-faith is beside the point; the Magistrate Judge subsequently ruled on their objections to responding to the interrogatories, Defendant never objected to Judge Stafford's

11

orders to clarify their understanding, neither this court nor the

Magistrate Judge ever indicated that discovery would be stayed while

their dispositive motion was pending, and the issue is tertiary to the

main point that Defendant continued to provide nonresponsive answers

even after being ordered multiple times to respond fully to those specific

interrogatories.  To the extent that the Magistrate Judge found that

Defendant's boilerplate objections were from the start legally improper,

that finding was not erroneous, because the report and recommendation

explains why such objections were essentially meaningless.  *See* ECF

No. 63, PageID.1013.  Nor was the finding that these represented the

first signs of Defendant's intransigence incorrect, given the fact that

Defendant had still not, a year later, produced full responses to

interrogatories 6 and 7 to identify putative subclass members.

### 2.    *30(b)(6) Deposition*

Second, Defendant objects to the Magistrate Judge's description of

how their obstinacy resulted in the court allowing Plaintiff to seek a

30(b)(6) deposition of an I.Q. Data corporate representative who might

be able to explain why I.Q. Data could not "easily search for accounts

with a written dispute of the debt," as they repeatedly represented to

Plaintiff and the court.  ECF No. 63, PageID.1024.  Defendant says,
"after repeatedly representing that the identification of Plaintiff's
proposed subclass would take an account-by-account or file-by-file
review, Plaintiff finally sought the deposition of an IQ Data corporate
representative that might be able to offer definitive testimony on that
point.  That Plaintiff did not take that deposition is not Defendant's
fault."  ECF No. 65, PageID.1085.

The court does not find this to be a critical point.  The fact that
Plaintiff did not take a 30(b)(6) deposition does not alter the Magistrate
Judge's conclusion that Defendant never credibly explained why I.Q.
Data would for some reason have to perform a "file by file" review of
their systems to answer the interrogatories at issue and identify
potential subclass members who had disputed their debts or paid
unlawful interest.  *See* ECF No. 63, PageID.1026 (noting that there is
apparently an electronic status "tag" in I.Q. Data's systems marking
debts that are disputed, suggesting that tag could be quickly searched
in a database); ECF No. 63, PageID.1027 ("I.Q. Data did not dispute
that its Debtor Work Cards were coded to show when consumers
disputed the debt, and I.Q. Data included no evidence that an onerous

file-by-file review would be necessary to generate a list of those

consumers"); ECF No. 63, PageID.1028 (noting that Defendant in fact

had provided the total amount of unlawful interest paid by the putative

subclass of persons who could recover actual damages, and finding that

"I.Q. Data's response brief offered no rebuttal to Nelson's argument that

it could [therefore] provide" the "number of such persons, their names

and addresses, in an Excel spreadsheet"); ECF No. 56, Ex. 3 (labelled

Ex. D) (a copy of the I.Q. Data consumer dispute policy, noting that

when a consumer submits a dispute in writing, Defendant marks the

debt as "disputed").  Notably, the current objection still does not provide

any actual evidence showing that an onerous file-by-file review would

be necessary (instead putting the blame instead on Plaintiff for not

taking the 30(b)(6) deposition).  But the burden is not on Plaintiff to

prove that Defendant is unable to respond to an interrogatory.  *See*

*Nelson v. I.Q. Data Int'l, Inc.*, No. 22-12710, 2024 WL 2963790, at *1

(E.D. Mich. June 12, 2024) ("[a] party objecting to a request for

production of documents as burdensome must support that objection

with affidavits, other evidence, or enough information to allow the

Court to make a common-sense judgment.").  The mere fact that

14

Plaintiff never took a particular deposition has little to do with whether Defendant met their discovery obligations, and does not show that the Magistrate Judge's report and recommendation was wrong to conclude that I.Q. Data's claims were not credible or that they were capable of supplying the information requested.  *See* ECF No. 63, PageID.1036.

### 3.   *Settlement Negotiations*

Third, and finally, Judge Stafford found that Defendant engaged in stalling tactics by pushing out the hearing on the motion to compel and motion for sanctions by offering to engage in settlement discussions, but in fact making no good faith efforts during the interim to engage in those discussions.  After the parties notified the court that settlement discussions would be happening, hearing on the motion for sanctions was delayed from October 25, 2024 to December 12, 2024. But settlement discussions never occurred, because defense counsel never provided any dates that they would be available.  Only after the court followed up with the parties by email on December 9, 2024 (three days before the rescheduled hearing), did defense counsel respond with possible dates for facilitation – all deep into 2025.  ECF No. 63, PageID.1031.  As of the hearing on December 12, 2024, I.Q. Data had

only given authority for a "nuisance value" of the case and had not
meaningfully engaged in the settlement process.  *See* ECF No. 63,
PageID.1032.

Defendant says this finding needed to be corrected, but did not
explain the relevance of the correction.  ECF No. 65, PageID.1085.
Defendant "corrects" the record by arguing that the joint notice to
reschedule the hearing was based on Plaintiff having obtained a
favorable ruling in a state court on the same legal issue as in this case.
However, according to defense counsel, it was not until November that
Defendant learned that the state court did not issue a written opinion.
Therefore, says defense counsel, he could not provide "his client with a
detailed liability analysis" and get settlement authority.  ECF No. 65,
PageID.1086.  But what does that change about the report and
recommended relief?  Magistrate Judge Stafford found that Defendant
had a) failed to comply with court orders on discovery responses, and so
set a hearing for sanctions on that issue, and b) Defendant delayed the
date of that hearing ostensibly to engage in settlement discussions, but
in fact failed to make a good faith effort to engage in those discussions.
Defendant's argument is that, three days before the rescheduled

16

hearing and only at the court's prompting, they offered dates for a settlement discussion that were months out, and that counsel never had meaningful settlement authority anyway.  None of those facts explain why the hearing needed to be put off for settlement discussions, if defense counsel was aware that he did not, at any point from October 2024 to December 12, 2024, in fact have settlement authority, and made no effort to schedule a date for negotiations until three days before the rescheduled hearing.  And again, the finding that default is the appropriate sanction is based on the totality of Defendant's conduct, which includes Defendant *continuing* to fail to comply with the court's orders compelling discovery during this time period that they told the Magistrate Judge that the court needed to delay hearing on the motion for sanctions, because the parties were moving towards settlement.

Thus none of Defendant's factual objections identify any issues that would warrant modifying any of the Magistrate Judge's conclusions about the propriety of a sanction of default, and the first objection is **OVERRULED**.

**B.**     **Objection 2: Whether I.Q. Data's stipulations obviate**

**the need for the discovery sanctions sought and show**

**a lack of bad faith**

The main point at issue in the discovery disputes in this case is

that Defendant objected to and ignored many of Plaintiff's

interrogatories (and then court orders) regarding potential subclasses

and I.Q. Data's net worth for purposes of damages and class

certification.  Defendant's second objection is essentially that this

discovery is pointless: "And to what end?  Such an expensive, pointless

exercise has no impact on the merits of this dispute . . . , nor would it

have any impact on class certification."  ECF No. 65, PageID.1089.

They point out a few stipulations that they have made regarding

potential class certification, and one stipulation they have indicated

willingness to make regarding net worth, as proof that discovery on

these issues would be pointless.  ECF No. 65, PageID.1088.

First, that argument is not well-taken.  Either I.Q. Data is

admitting that a class can be certified on the available facts, or they are

hoping to prevent discovery of any potential subclasses.  As the

Magistrate Judge noted and Nelson argued, IQ is likely "attempting to

avoid the certification of a subclass of persons whom have actual monetary damages proximately caused by I.Q. by not providing the number of, and the names and addresses of the identifiable putative subclass members." ECF No. 63, PageID.1029. Fed. R. Civ. P 23(c) explicitly permits the division of classes into subclasses, so the Magistrate Judge plainly did not err by facilitating discovery into putative subclasses.

Second, Defendant's argument is not actually responsive to the Magistrate Judge's findings that Defendant unjustifiably resisted the court's orders regarding those interrogatories. Whatever the strength of their objections to responding to the interrogatories they reference *in the first instance*, the Magistrate Judge already ruled on these issues long ago, and found that Defendant had waived their objections to responding to the interrogatories in full. ECF No. 37, PageID.382 (on April 10, 2024, "By May 1, 2024, defendant must provide complete responses to plaintiff's discovery requests."); ECF No. 48, PageID.541 (June 12, 2024: "the Court finds that defendant violated the April 10 order and that defendant's objections to fully answer the discovery requests are WAIVED."); ECF No. 63, PageID.1029 ("Interrogatory No.

6 was a central point of discussions during the August and September status conferences during which the Court had emphasized that I.Q. Data had waived its objections to fully answering Nelson's discovery requests.").  I.Q. Data's arguments would be relevant if this were the first time that a court was hearing them (or, for example, if I.Q. Data had objected to those orders); instead, these arguments come after substantive briefing and argument on these issues, after the Magistrate Judge ruled on them, after failing to timely object to those orders, and after ignoring their responsibility to respond per order of the court – they are not, however, proper objections to the R&R.

Instead, the only finding that is properly before this court, on this review of a report and recommendation, is whether the Magistrate Judge correctly found that their failure to comply with the orders compelling their responses constituted bad faith.  On that point, Defendant offers no real argument.  In fact, I.Q. Data's arguments on this point look nearly identical to (and merely restate) their arguments made already to the Magistrate Judge in May 2024 in response a motion for discovery sanctions for their continued failure to provide responses after the court's April 10, 2024 order.  *Compare* ECF No. 46,

PageID.509-13, *with* ECF No. 65, PageID.1086-90.  Simply rehashing their original objections to sanctions at earlier stages of this case is not sufficient to show why the Magistrate Judge's later finding of bad faith was error.  *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that objections that merely "restate" prior arguments are not sufficient to invoke de novo review by the district court).  Nothing in Defendant's objection responds specifically to the Magistrate Judge's detailed findings about other avenues that were available to them within the Federal Rules of Civil Procedure, or the findings regarding their "myriad delay tactics and evasions," "discovery abuses," and "wanton waste of judicial resources."  ECF No. 63, PageID.1039-41.  To the extent they argue that the Magistrate Judge did not properly consider whether default judgment was appropriate as the "sanction of last resort," the R&R persuasively addresses this point several times, and that argument is not credible.  ECF No. 63, PageID.1038, 1043.  Their second objection is therefore **OVERRULED**.

Finally, the court notes that much of the R&R goes unobjected to. Much of the factual record is, at this point, undisputed for lack of

objection.  Even assuming that there is any merit to any one of these
limited points of contention, that one point would not be sufficient to
change the result when confronted with the entire evidentiary record
detailed in the report and recommendation.  On this record, the court
agrees that default is the appropriate sanction.

## V.   CONCLUSION

The court therefore **ACCEPTS** and **ADOPTS** the Magistrate
Judge's report and recommendation (ECF No. 63) and **GRANTS**
Plaintiff's motion for sanctions and motion to compel (ECF No. 56).

As a result, the court **DIRECTS** the Clerk to enter default against
defendant.  If a class is certified, damages will be assessed for entry of a
default judgment.  It is **FURTHER ORDERED** that I.Q. Data fully
answer Interrogatory Nos. 6 and 7 or face an order of contempt under
Rule 37(b)(2)(A)(vii) and further sanctions under 37(b)(2)(A)(ii).  It is
**FURTHER ORDERED** that either (1) I.Q. Data submit a proposed
order stipulating that it will not dispute that 1% of its net worth is
$500,000 or more, or (2) fully answer the discovery requests about its
net worth.  Failure to do at least one of those options will be treated as
contempt of court under Rule 37(b)(2)(A)(vii).  It is **FURTHER**

**ORDERED** that the Clerk **STRIKE** Defendant's answer.  Finally, it is

**FURTHER ORDERED** that I.Q. Data and its attorneys pay Nelson's

attorney's fees and costs.

    This is not a final order and does not close the case.

    **SO ORDERED**.

Date: June 27, 2025          <u>s/F. Kay Behm</u>
                                      F. Kay Behm
                                      United States District Judge