UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH NELSON, individually and on behalf of similarly situated persons, | Case No. 22-12710 |
| | Hon. F. Kay Behm United States District Judge |
| Plaintiff, v. | |
| | Hon. Elizabeth A. Stafford U.S. Magistrate Judge |
| I.Q. DATA INTERNATIONAL, INC., | |
| Defendant. | |
| _____ / | |

**ORDER ON PLAINTIFF'S BILL OF COSTS AND DEFENDANT'S OBJECTIONS (ECF No. 70, 72)**

## I.   PROCEDURAL HISTORY

On June 27, 2025, the court entered an Opinion and Order Accepting and Adopting the Magistrate Judge's January 28, 2025 Report and Recommendation to Grant Plaintiff's Motion to Compel and Motion for Sanctions (ECF No. 68). As part of the sanctions entered against Defendant I.Q. Data International, I.Q. Data was ordered to pay Plaintiff's attorney's fees and costs. As a result of that order, Plaintiff filed a bill of costs (ECF No. 70), to which I.Q. Data objects in part (ECF No. 72).

1

For the reasons explained, the court **OVERRULES** Defendant's objections except as to the hourly rate, and imposes fees and costs accordingly.

## II. ANALYSIS

Plaintiff seeks $25,860 for her counsel's attorney's fees, and $211.70 in costs, for a grand total award of $26,071.70.

### A. Lack of Final Judgment

First, Defendant argues that the bill of costs is procedurally improper because it was not filed after a final judgment. This argument is puzzling, to the say the least. Fees and costs were ordered following the court granting a motion to compel under Rule 37, not a default under Rule 55 or a final judgment under Rule 54. *See* Fed. R. Civ. P. 37(a)(3)(5); 37(b)(2); *e.g. Angulo v. Serendipity Day Spa, LLC*, No. 1:23-cv-11820, 2024 U.S. Dist. LEXIS 196483 (E.D. Mich. Oct. 29, 2024) (imposing costs on a motion to compel). The objection is thus **OVERRULED**.

### B. Attorney's Fees

Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably

expended on the litigation," known as the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (noting that the court may adjust the fee based upon the circumstances of the case, including the "results obtained"). Defendant objects that Plaintiff's request for fees is too high, both with respect to the number of hours expended and the requested hourly rate. In calculating a reasonable fee, "district courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection' but instead must simply to do 'rough justice.'" *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). In other words, the court may rely estimates based upon its "overall sense of a suit." *Id*.

      i.    **Number of hours**

Plaintiff seeks compensation for a total of 43.1 hours. Defendant argues this amount of hours is unreasonable, vague, and duplicative. The court finds this objection without merit.

First, Defendant objects to the amount of time spent on drafting the motion to compel (8.3 hours), and the response to I.Q. Data's objections to the Magistrate Judge's Report and Recommendation (23

hours), which collectively account for 31.3 hours of the total hourly amount. Defendant calls this "facially questionable" and that it does not specify "what part of the document was being drafted." The court disagrees that these amounts were facially questionable; both the motion to compel and the report and recommendation covered a lot of ground regarding the record to-date. Both focused on a long history of discovery violations by Defendant, and the report and recommendation both compelled responses to Plaintiff's discovery requests and recommended dispositive sanctions (which this court accepted and adopted). Defendant can hardly complain that it took significant time for a single attorney to review the record in order to both a) draft the motion to compel in the first place and b) respond in a fact-intensive manner to I.Q. Data's objections to the Magistrate Judge's detailed R&R, which ruled on the motion to compel.

  Defendant also objects to what it describes as Plaintiff's counsel billing for "several days for 'prep,' but . . . not specify[ing] what the preparation entailed." ECF No. 72, PageID.1196. The court seriously questions whether this objection is made in good faith and whether Defendant's representation to the court complies with Rule 11. The

4

timesheet neither bills "several days" for preparation nor fails to explain what that preparation was for. Plaintiff's counsel submitted a grand total of two (2) hours (not days) for "prep for oral arguments on motion to compel and sanctions," which is both a reasonable amount of time and sufficiently detailed to explain the expenditure of time. ECF No. 70-1, PageID.1185. Defendant's misrepresentations on this point will be taken into account as the court considers final resolution of its order to show cause (ECF No. 75).

Defendant does not specifically object to any other entries, and the court finds them facially reasonable.

The objection to reduce Plaintiff's counsel's hours by 50% is therefore **OVERRULED**, and the court finds the amount of hours reasonable.

### ii. Hourly Rate

Mr. Warner also seeks an hourly compensation rate of $600, which Defendant argues should be lowered to $300 (below the median rate) or else $450. The court agrees that $600 is an excessive rate in light of counsel's prior motion seeking compensation in this same case at $450

5

per hour, and reduces the request to that rate. *See* ECF No. 42, PageID.450.

In general, "the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000). "District courts have relied on the State Bar of Michigan [] Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *O'Connor v. Trans. Union, LLC.*, No. 05-cv-74498, 2008 WL 4910670 at *5 (E.D. Mich. Nov. 13, 2008). In 2019, Magistrate Judge Stafford, following the State Bar of Michigan Economics of Law Practice in Michigan for 2017, approved a $400 hourly rate for Mr. Warner (the 75th percentile for consumer law). *McClain v. Hanna*, 19-10700-TGB-EAS, 2019 U.S. Dist. LEXIS 193350 (E.D. Mich.) (Stafford, M.J.), *adopted in relevant part by* 2019 U.S. Dist. U.S. Dist. 222691, at * 8 (E.D. Mich. Dec. 30, 2019) (Berg, J.). Under the current 2023 State Bar of Michigan Economics of Law Practice in Michigan survey, the 75th percentile of Consumer law (including lemon

6

law) would result in an hourly rate of $450.

https://www.michbar.org/file/pmrc/pdfs/EoL_Report23.pdf.

Plaintiff's counsel also lists the amounts that prior courts have found to be reasonable hourly rates for him. In the Eastern District of Michigan, he was twice awarded $400 per hour in 2019; in the Northern District of Illinois, he received as high as $550 in 2019. ECF No. 70-1, PageID.1182. Granted, in the intervening six years, one would expect his hourly rate to rise. However, the court takes into account that the issues in these particular motions and briefings were fact-intensive and record-based, but not particularly legally complex. The court exercises its discretion to reduce Mr. Warner's request to the 75th percentile, at $450 per hour. *See Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) ("A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.").

The objection is **OVERRULED** in part, but sustained to the extent explained. A $450 hourly rate for 43.1 hours yields a total of $19,395 in reasonable attorney's fees.

### C. Costs

Plaintiff seeks $211.70 (two hundred eleven dollars and seventy

7

cents) in costs, for the cost of the transcript of oral arguments on the motion to compel. Defendant does not appear to object to that cost.

## III. CONCLUSION

Therefore, the court **OVERRULES** Defendant's objections except as to Mr. Warner's hourly rate, and adopts a $450 hourly rate instead.

Therefore, Defendant is **ORDERED** to pay $19,395 in attorney's fees and $211.70 in costs, for a total of $19,606.70 to Plaintiff's counsel by **December 15, 2025.** Plaintiff shall notify the court if Defendant fails to comply with this order, and Defendant is warned that failure to comply will be met with further sanctions.

**SO ORDERED**.

Date: November 20, 2025         s/F. Kay Behm
                                F. Kay Behm
                                United States District Judge